IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Roderick Joe, #270004, ) | |
| ) | Civil Action No. 8:06-2489-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Associate Warden Barney Lloyd; ) | |
| Associate Warden Joseph C. Counts; ) | |
| Counsel Substitute M. Poole; ) | |
| Inmate Grievance Counselor H. Johns; ) | |
| Mail Supervisor Debbie Maness; and ) | |
| DHO R.L. Turner, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on September 7, 2006, seeking damages for alleged civil rights violations. On December 22, 2006, the defendants filed a motion for summary judgment. On December 27, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible

consequences if he failed to adequately respond to the motion. On February 2, 2007, the plaintiff filed a response opposing the defendants' motion.

## FACTS PRESENTED

The plaintiff is currently a state inmate within the South Carolina Department of Corrections ("SCDC") housed at the Lee Correctional Institute. At the time of the events alleged in the complaint, the plaintiff was housed at the Tyger River Correctional Institute ("TRCI"). While housed at the TRCI, the plaintiff was charged with disciplinary violations on 27 occasions and convicted on 19 charges. The plaintiff alleges the defendants violated his rights in conducting the following nine (9) disciplinary hearings:

> 1) In Case #00005, the plaintiff was charged with striking an employee for throwing a "yellow substance" on two corrections officers who were attempting to escort the plaintiff to the shower. The incident occurred on March 12, 2005, and the reporting officer was Sgt. L. Lange. The plaintiff was convicted after a hearing on March 22, 2005, and sanctioned with lost privileges for 360 days and disciplinary detention for 180 days. On June 16, 2006, the ALJ affirmed this conviction.

> 2) In Case #00010, the plaintiff was charged with striking an employee for assaulting a corrections officer while the officer was removing the plaintiff's restraints. The incident occurred on May 18, 2005, after plaintiff had set his mattress and sheets on fire. The reporting officer was Sgt. Darrell Edwards. The plaintiff was convicted after a hearing on June 17, 2005. The plaintiff was sanctioned with disciplinary detention for 720 days and the loss of canteen and telephone privileges for an additional 180 days. On June 16, 2006, the ALJ affirmed this conviction.

> 3) In Case #00013, the plaintiff was charged with stealing a pair of nail clippers. The incident occurred on July 18, 2005, and the reporting officer was Officer Jason Gosset. The plaintiff was convicted after a hearing on August 4, 2005, and sanctioned with disciplinary detention for 10 days. On June 8, 2006, the ALJ dismissed the plaintiff's appeal of this conviction.

> 4) In Case #00016, the plaintiff was charged with throwing a substance or object. The incident occurred on July 18, 2005. After a hearing, the charge was dismissed on August 16, 2005.

5) In Case #00017, the plaintiff was charged with striking an employee with a ceiling vent he had removed from the shower ceiling. The incident occurred on August 4, 2005, and the reporting officers were Sgts. Powell and Long. The plaintiff was convicted after a hearing on August 16, 2005, and sanctioned with disciplinary detention for 360 days and the loss of telephone and canteen privileges for an additional 180 days. On June 16, 2006, the ALJ confirmed this conviction.

6) In Case #00018, the plaintiff was charged with throwing bodily fluids after spitting on a prison medical doctor. The incident occurred on August 22, 2005, and the reporting individual was Cpt. D. Ferguson. The plaintiff was found guilty after a hearing on September 13, 2005, and sanctioned with disciplinary detention for 360 days and the loss of telephone and canteen privileges for 540 days. On July 20, 2006, the ALJ dismissed the plaintiff's appeal of this conviction.

7) In Case #00019, the plaintiff was charged with threatening to inflict harm for threatening to kill a corrections officer. The incident occurred on September 6, 2005, and the reporting officer was Cpl. Voishell Matthews. The plaintiff was found guilty after a hearing on September 29, 2005, and sanctioned with disciplinary detention for 360 days and the loss of telephone and canteen privileges for 540 days.

8) In Case #00021, the plaintiff was charged with striking an employee for assaulting a corrections officer who was escorting the plaintiff to his cell after he had refused to come in from the recreation yard. The incident occurred on October 4, 2005, and the reporting officer was Sgt. Jeffrey Arflin. The plaintiff was found guilty after a hearing on October 11, 2005, and sanctioned with disciplinary detention for 360 days and the loss of telephone and canteen privileges for an additional 180 days.

9) In Case #00022, the plaintiff was charged with refusing or failing to obey a corrections officer. The charge arose out of the incident referred to in Case # 00021 and was later dismissed.

(Compl. at 4; Defs.' Mem. Supp. Summ. J. Mot. Attachs. 4-13.)

Specifically, the plaintiff alleges the defendants violated state law, the Americans with Disabilities Act (ADA), the 14th Amendment, and the Equal Protection and Due Process Clauses. The plaintiff is seeking an injunction ordering the SCDC to dismiss all sanctions

imposed as a result of the above disciplinary convictions, an order placing the plaintiff in the SCDC's psychiatric hospital, and $15,000 in damages. (Compl. at 10.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist

4

which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### Violation of Constitutional Rights

In his complaint, the plaintiff alleges three claims. In his first claim the plaintiff alleges the defendants, when handling nine (9) of his disciplinary proceedings, violated state law, the 14th Amendment, the Due Process Clause, the Equal Protection Clause, and the ADA. (Compl. at 8.) Initially, the Court notes that the plaintiff cannot bring a 1983 action based upon procedural deficiencies involving two charges, #16 and #22, as one was dismissed and the other closed. (Defs.' Mem. Supp. Summ. J. Attach. 13.) *See Blount v. Williams*, 2007 WL 951555 (W.D.Va. 2007) *(citing Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir.1988) (holding that an inmate would be entitled to relief under § 1983 , if he could prove that he was subjected to false disciplinary charges *and* subsequent punishment for exercising his First Amendment rights) (emphasis added)). Accordingly, the plaintiff has failed to state a claim in relation to these two disciplinary proceedings.

Turning to the remaining disciplinary proceedings, the plaintiff alleges the defendant Turner "denied [him] one or more of the requirements noted within *Wolff v. McDonnell* . . ." (Compl. at 5 ¶ 6.) In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme

Court applied a due process analysis to prison disciplinary proceedings. The Court held where a prison disciplinary hearing results in the loss of good time credits the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-567. However, while the plaintiff is entitled to these procedural safeguards for protected interests, such as the loss of good time credits, he is not entitled to a due process hearing every time action is taken to control his behavior. Here, the plaintiff has not alleged and the record does not reflect that there was any loss of good time credits. The plaintiff merely raises his claims based upon his placement in administrative segregation, which he alleges cumulatively will require him to remain in administrative segregation until 2018. (Pl.'s Mem. Opp. Summ. J. at 1.) The plaintiff was not entitled to due process protections with respect to his disciplinary hearing because the disciplinary actions taken and the plaintiff's placement in administrative segregation did not create an atypical or significant hardship in relation to the ordinary incidents of prison life. *McNeill v. Currie*, 84 Fed.Appx. 276 (4th Cir.2003)(citing *Beverati v. Smith*, 120 F.3d 500, 503-04 (4th Cir.1997)).

In any event, looking at the plaintiff's claims, he alleges bias because defendant Poole "filed/enter[ed] these charges into the Offender Management Systems." (Pl.'s Mem. Opp. Summ. J. at 3.) The record shows the charges filed against the plaintiff were initiated and filed by several SCDC employees other than Poole. (Defs.' Mem. Supp. Summ. J. Mot. Attachs.

4-13.) He also alleges that defendants were biased by allowing the defendant Poole to act as substitute counsel, investigator, and notifying officer in his Disciplinary Hearing cases. (*Id.*) These general and conclusory allegations, without any specific facts or supporting documentation or evidence being offered as to how the plaintiff was prejudiced, are not sufficient to maintain a claim by the plaintiff for violations of his constitutional rights. *House v. New Castle County*, 824 F.Supp. 477, 485 (D.Md.1993) (holding plaintiff's conclusory allegations insufficient to maintain claim).

The plaintiff also alleges that the defendants violated the ADA. (Compl. at 8.) Again, however, the plaintiff has failed to allege any facts to support this claim. The ADA provides that "no qualified individual with a disability shall by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity or be subject to discrimination by any such entity." 42 U.S.C. § 12132. There is no evidence to establish that the plaintiff is disabled as set forth under the ADA and the plaintiff has not even alleged he is disabled. Therefore, the plaintiff has failed to state a claim under the ADA. Based on the foregoing, the plaintiff has failed to state a claim and the defendants should be granted summary judgment on the plaintiff's second claim.

**Access to Court**

In his second claim, the plaintiff alleges that defendant Maness, the mail room supervisor, denied him access to the court. (Compl. at 8.) He alleges she refused to mail his appeals and confiscated his disciplinary appeal file. (*Id.*)

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court held prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. *Bounds*, however, merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353-54.

Here, while it does appear that the plaintiff and mailroom personnel initially disagreed about the plaintiff's mail, the record shows the plaintiff's appeals were later mailed and since then he has been able to file numerous appeals. (Defs.' Mem. Supp. Summ. J. Mot. Attach. 13; Pl.'s Mem. Opp. Summ. J. Ex. C. 45, 47.) Further, the plaintiff does not indicate actual injury as a result of any delay in delivery. Absent actual injury resulting from official conduct, the plaintiff is not entitled to the relief he seeks. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); Therefore, the plaintiff has failed to state a claim of denial of access to the courts and the defendants motion for summary judgment should be granted on this claim.

*Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996)(dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).

**Violation of State Liberty Interest**

In his third claim, the plaintiff alleges the "[d]efendant(s) deprived him of a state liberty interest within all [his] disciplinary hearing cases at Tyger River C.I." (Compl. at 9.) The plaintiff also alleges the defendants did not conduct the disciplinary hearings in accordance with State and Federal Statutes. (*Id.* at ¶ 3.) Initially, the Court notes that generally "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." *Brown v. Angelone*, 938 F.Supp. 340, 344 (W.D.Va.1996) (*citing Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir.1990)).

A plaintiff seeking to allege a procedural due process violation based on a state created liberty interest must not only show it is derived from mandatory language in a regulation, but also that it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In other words, absent "atypical and significant hardship," a change in the conditions of confinement simply does not inflict a cognizable injury that merits constitutional protection, regardless of the motivation of the official when making the change. *Id.* In reviewing such allegations, the court focuses on the nature of the deprivation itself. In *Sandin*, the Court also held that "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 486.

Here, while the plaintiff is obviously dissatisfied with the conditions of his confinement and placement in administrative segregation following his numerous disciplinary actions, however, applying the *Sandin* standard, these conditions do not constitute an atypical and significant hardship. As the Court held in *Sandin*, "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 486.    Accordingly, the plaintiff has failed to state a claim and the defendants should be granted summary judgment on the plaintiff's third claim.

### *State Law Claims*

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims and it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

### **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (#21) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

*(signature)*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

June 5, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11