UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Roderick Joe, #270004,

                Plaintiff,

      v.

Associate Warden Barney Loyd;
Associate Warden Joseph C. Counts;
Counsel Substitute M. Poole; Inmate
Grievance Counselor H. Johns; Mail
Supervisor Debbie Maness; and DHO
R.L. Turner,

                Defendants.

C/A No. 8:06-2489-GRA-BHH

ORDER

(Written Opinion)

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on June 5, 2007 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Plaintiff alleges that Defendants did not afford him due process before imposing disciplinary sanctions on him. Plaintiff also claims that he was denied access to the courts and that Defendants violated the Americans with Disabilities Act, "ADA." The magistrate recommended that summary judgment be granted and Plaintiff's Complaint be dismissed with prejudice.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

1

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.   *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.   The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   Plaintiff filed objections to the Report and Recommendation on June 27, 2007.

Plaintiff objects that the magistrate misrepresented the involvement of Defendant Poole in the grievance process.  Even assuming Plaintiff is correct, he has failed to refute the finding of the magistrate that no due process right was implicated by Plaintiff's being placed in administrative segregation.  Therefore this objection has no effect on the ultimate conclusion of the magistrate.

Plaintiff objects that he was denied access to the courts when Defendant

2

Maness refused to mail certain disciplinary appeals. However, as the magistrate pointed out, these appeals were eventually mailed and Plaintiff has failed to show that he was prejudiced by the delay. Thus, he has failed to show any actual injury and this objection is without merit.

The remainder of Plaintiff's objections reiterate claims made in his Complaint and do not address specific portions of the Report and Recommendation, and so the Court need not respond to them.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 2, 2007

Anderson, South Carolina

3

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.